Spear, J.
Two questions arise upon the record: (a) Can the compensation of members of the board of legislation be increased during the existing term? iff) Is an action at law the proper form of remedy to recover compensation, where payment is refused by the city, or must resort be had to a proceeding in mandamus?
At the commencement of the term of plaintiff as a member of the board of legislation the compensation provided by statute was five dollars for attendance during the entire session of any regular meeting. By the act of February 19, 1892, it was provided that “each member of the board who is present during the entire session of any regular meeting, and not otherwise, shall be entitled to *72 receive ten dollars for his attendance, and shall receive no other compensation whatever.”
1. It is contended that section 20, of article 2, of the constitution, prohibits an increase of compensation during the existing term. That section is as follows: “The general assembly, in cases not provided for in this constitution, shall fix the term of office, and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished. ”
The question, therefore, is, whether or not the pay of a member of the board is “salary” within the meaning of the above section?
We think it is not. A general definition of salary includes compensation. General definitions, do not, however, cover all cases. Salary is compensation, but, under the section quoted, compensation is .not, in every instance, salary. The point is emphasized by this court in the case of Thompson v. Phillips, 12 Ohio St. 617, where it is said that “it is manifest from the change of expression in the two clauses of the section that the word ‘salary’ was not used in a general sense, embracing any compensation fixed for an officer, but in its limited sense, of an annual or periodical payment for services — a payment dependent on the time and not on the amount of the service rendered.” And it was there held that a percentage compensation allowed by law to a public treasurer for official duties, could be altered during his term. It is the “salary” which shall not be changed during the term, not necessarily, the compensation.
We think the compensation in the ease at bar comes within the principle of the case cited, *73 although a per diem compensation. It is not, within the meaning of the section quoted, “salary. ” Hence, an increase in the pay of a member during his term, is not prohibited by the constitution.
Nor is this conclusion inconsistent with the holding in The State ex rel. v. Raine, 49 Ohio St. 580. The act of April 8, 1886, gave to the commissioners of Hamilton county a salary of $2,000 per year each, and necessary traveling expenses when traveling outside the county' on official business. The amendment under review undertook to give them, for expenses, $1,000 per annum additional. The holding is that the addition, though in terms for expenses, was in effect an increase of salary, which was unauthorized as applied to the existing term of a commissioner in office when the increase was made.
2. We see no reason why an action at law was not proper. A real question as to the right of the plaintiff to the increased pay existed. It is not important to determine whether or not plaintiff would have been entitled to a writ of mandamus against the officer of the city charged with the duty of issuing warrants for the pay of the city officers. It is enough to know that the plaintiff has a clear legal right to pursue the ordinary and approved remedy of an action at law against the city. Ordinarily, where such right exists, and the remedy by its enforcement is adequate, mandamus will not lie. And it is not difficult to imagine a case where, by reason of the existence of a real question as to the relator’s right to additional compensation the refusal of an accounting officer to issue a warrant until the question of the plaintiff’s right to it had been determined in the ordinary way, might be sustained even though the court might be of opinion *74 that, in an action at law, the claimant would be entitled to recover.

The judgment will be*, reversed a/nd the cause remanded with direction to overrule- the demurrer to the petition and for fu/rther proceedings.